UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

RICHARD RAGSDALE,

    Plaintiff,

-vs-

CASE NO:

ALLY FINANCIAL, INC. f/k/a GMAC INC.,
A foreign corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD RAGSDALE, sues the Defendant, ALLY FINANCIAL, INC., f/k/a GMAC, a foreign corporation, and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question.

3. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer Protection Act of 1991 (hereafter "TCPA"), and the rules and regulations applicable thereto, as set forth in 47 C.F.R. § 64.1200 (hereafter the "Rules and Regulations").

4. The alleged violations described herein occurred in Shelby County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the

judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

1. Plaintiff, RICHARD RAGSDALE, is a natural person over the age of eighteen (18), who resides in Shelby County, Tennessee.

2. Plaintiff is the "called party" with respect to the calls described herein. *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

3. At all times material hereto, Defendant, ALLY FINANCIAL, INC., f/k/a GMAC, (hereafter "ALLY FINANCIAL"), was and is a foreign corporation, with its principal office in Detroit, Michigan.

4. Defendant ALLY FINANCIAL intentionally harassed and abused Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass.

5. In or about February of 2013, Defendant ALLY FINANCIAL began making numerous and disturbing telephone calls to Plaintiff's cellular telephone number, (901) 573-8900, in an attempt to collect an alleged debt from a person by the name of Stephanie Jones.

6. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (901) 573-8900, and was the called party and recipient of Defendant ALLY FINANCIAL's above described calls.

7. Plaintiff has received approximately two-hundred (200) calls on his aforementioned cellular telephone number from Defendant ALLY FINANCIAL since February of 2013 with respect to the above described alleged debt, and the calls continue through the date of filing of this Complaint.

8. Upon information and belief, the telephone calls at issue were placed by Defendant ALLY FINANCIAL using an "automated telephone dialing system" or "autodialer," which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers, as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

9. Defendant ALLY FINANCIAL initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

10. Additionally, none of the telephone calls at issue were placed by Defendant ALLY FINANCIAL to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

11. Defendant ALLY FINANCIAL has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

12. Defendant ALLY FINANCIAL willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

13. Despite actual knowledge of its wrongdoing, Defendant ALLY FINANCIAL continued the campaign of abuse.

14. Defendant ALLY FINANCIAL's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

15. Defendant ALLY FINANCIAL's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

16. Defendant ALLY FINANCIAL has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

17. Defendant ALLY FINANCIAL followed its corporate policy when attempting to communicate with the Plaintiff.

18. Defendant ALLY FINANCIAL has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

19. Defendant ALLY FINANCIAL has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I - VIOLATION OF THE TCPA

20. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs one (1) through nineteen (19), as if fully set forth herein.

21. None of the calls at issue were placed by Defendant ALLY FINANCIAL to Plaintiff's cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

22. Furthermore, none of the calls at issue were placed by Defendant ALLY FINANCIAL to Plaintiff for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

23. Defendant ALLY FINANCIAL willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

24. The TCPA provides Plaintiff with a private right of action against Defendant ALLY FINANCIAL for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant ALLY FINANCIAL for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Mark A. Lambert
Mark A. Lambert, Esquire
Morgan & Morgan, P.A.
40 South Main Street, Suite 2600
One Commerce Square
Memphis, TN 38103
Tele: (901) 217-7000
Fax: (901) 333-1897
Primary: MLambert@ForThePeople.com
Secondary: CWebber@ForThePeople.com
Counsel for Plaintiff

*And*

David P. Mitchell, Esquire
Florida Bar #: 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Primary: DMitchell@ForThePeople.com
Secondary: VMarrero@ForThePeople.com
Counsel for Plaintiff